# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**  Tel: 718-740-1000
Email: abdul@abdulhassan.com  Fax: 718-740-2000
*Employment and Labor Lawyer*  Web: www.abdulhassan.com

December 7, 2023

**Via ECF**

Hon. Joan M. Azrack, USDJ
United States District Court, EDNY
100 Federal Plaza,
Central Islip, NY 11722

<u>Re: Ingram v. Georgica Property Management LLC</u>
      Case #: 23-CV-01500 (JMA)(SIL)
      Motion for Settlement Approval

Dear Judge Azrack:

      My firm represents plaintiff Ian Ingram ("Plaintiff" or "Ingram") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action and I respectfully write to seek approval of the settlement in this action as per Your Honor's orders, and the Second Circuit's decisions in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.,* 24 F.4th 804 (2d Cir. 2022). Exhibit 1 is a copy of the fully executed settlement agreement. Exhibit 2 is a copy of the retainer agreement between Plaintiff and his counsel. Exhibit 3 are the receipts for costs in the case.

      Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of the NYLL.

      In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information at a mediation conducted by an experienced FLSA mediator from this Court's mediation panel – Mr. Roger Briton.

1

Based on the allegations in the complaint and information available at this time, Plaintiff is owed unpaid overtime wages of approximately $27.00/hr. x 3.75hrs/wk. x 50wks = $5,062.50 plus an additional $5,062.50 in liquidated damages. Defendant may be able to avoid the imposition of liquidated damages if it proves a good-faith affirmative defense – including liquidated damages on all wages paid later than weekly. It is Defendant's position that Plaintiff was paid his correct overtime rate for the overtime hours he worked. In general Defendant denies Plaintiff's allegations.

Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

The total settlement amount between Plaintiff and Defendant is $22,500. Under the settlement, Plaintiff is due to receive $14,681 after costs ($477) and a 1/3 contingency fee of $7,341 (See Ex. 1 ¶ 2). Under the settlement, Plaintiff's counsel is due to receive a 1/3 contingency fee of $7,341 plus $477 in filing ($402) and service ($75), costs. (See Ex. 3).

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See See *Melendez v. Brag Sales, Inc. et. al.,* Case No. 20-CV-00723 (Judge Azrack – November 4, 2020)(approving 1/3 fee of about $11,369 under *Cheeks*); *Harper v. Princeton International Properties Corp. et al*, 22-CV-01677 (Judge Netburn, SDNY June 24, 2022)(Approving a 1/3 contingency fee of about $14,819 under *Cheeks*); *Hixholli v. Aqua* 3065 GC LLC et al, Case Number 19-CV-05654 (Judge Netburn - SDNY, November 25, 2019)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Knights v. Novitex Enterprise Solutions, Inc. et al*, 17-CV-9359, ECF No. 43, (Magistrate-Judge Netburn - August 30, 2018)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Caltempa Molina v. Buena Vista Tortillas Corp. et al*, Case No. 20-cv-04925 (Judge Parker - January 4, 2021) (approving 1/3 fees of $11,466 under *Cheeks*).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff will receive a lot less or nothing. Second, the settlement amount is not trivial in relation to the claims, especially in light of the legal and factual issues. Third, Defendant disputes the hours worked claimed by Plaintiff. Fourth, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**Cc:     Defense Counsel via ECF**